1   Julie Philippi, SBN 166108
    14895 Bear Valley Rd., Ste. B
2   Hesperia CA  92345
    760-948-3138 Telephone
3   760-948-1337 Facsimile
    juliephilippi@aol.com
4
    Attorney for Debtors
5

6

7

8

9               UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                     RIVERSIDE DIVISION

12
    In re:                          )   Case No. 6:10-bk-10829MJ
13                                   )   Chapter 13
                                     )
14                                   )   NOTICE OF HEARING AND MOTION
    JAMES NICKERSON and              )   TO VALUE REAL PROPERTY AND
15  LINDA NICKERSON,                 )   EXTINGUISH LIEN OF SECOND
                                     )   TRUST DEED HOLDER STATE FARM
16                                   )   BANK
                   Debtors.          )
17                                   )   DATE:      02/22/10
                                     )   TIME:      1:30 p.m.
18                                   )   CTRM:      301
19  _____     )            US Bankruptcy Court
                                                  3420 Twelfth St
20                                                Riverside CA 92501

21  TO THE HONORABLE MEREDITH JURY, ROD DANIELSON, CHAPTER 13 TRUSTEE,

22  STATE FARM BANK and all other interested parties:

23         NOTICE IS HEREBY GIVEN that on February 22, 2010 at 1:30 p.m. in Courtroom 301

24  of the U.S. Bankruptcy Court located at 3420 Twelfth Street, Riverside, California, debtors

25  James and Linda Nickerson will move this court for an order valuing the real property located at

26  15890 Wyandot Road, Apple Valley, California and extinguishing the junior lien currently held

27  or serviced by State Farm Bank from said real property under 11 U.S.C. section 506(a) on the

28  basis that the lien is wholly unsecured.

1    *Pursuant to Local Bankruptcy Rule 9013-1(7) any opposition to this Motion must be*

2    *filed and served on debtors and debtors' counsel no less than fourteen (14) days prior to the*

3    *above hearing date. Failure to file and serve a timely response to this Motion may result in a*

4    *waiver of your right to oppose the Motion and the Court may grant the requested relief*

5    *without further notice to you.*

6    The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. sections 157 and

7    1334. James and Linda Nickerson, the debtors in this chapter 13 case, are interested parties and

8    have standing to bring this motion.

9                                                    FACTS

10    This case was commenced by the filing of a voluntary petition under Chapter 13 of the

11    Bankruptcy Code (11 U.S.C.) on January 12, 2010. At that time, debtors owned and resided in

12    the real property located at 15890 Wyandot Road, Apple Valley, California. (See Schedule A,

13    attached hereto as Exhibit 1 and incorporated herein by reference.) The fair market value of the

14    property as of the time the petition was filed was $105,000. (See Declaration of Michelle

15    Edmunds, attached hereto, and Appraisal of Real Property dated December 16, 2009, attached

16    hereto as Exhibit 2 and incorporated herein by reference.)

17    The property secures two loans. The first loan is secured by a trust deed held or serviced

18    by BAC Home Loans Servicing in the approximate amount of $148,551. (See Monthly Billing

19    Statement from BAC Home Loans dated December 31, 2009, attached hereto as Exhibit 3 and

20    incorporated herein by reference.) The second loan is secured by a deed of trust held or serviced

21    by State Farm Bank in the approximate amount of $49,106. (See Statement from State Farm

22    Bank dated November 15, 2009, attached hereto as Exhibit  4 and incorporated herein by

23    reference.)

24                                                ARGUMENT

25    Section 506(a) of the US Bankruptcy Code provides that a secured claim is secured only

26    to the extent of the value of the collateral, and unallowed secured claims are void. This section

27    has generated much controversy in chapter 13 cases because of 11 U.S.C. section 1322(b)(2),

28    which prohibits the modification of the rights of holders of claims secured only by the debtor's

                                                        2

1   principal residence. However, the Ninth Circuit Bankruptcy Appellate Panel held in *Lam v.*

2   *Investors Thrift (In re Lam)*, 211 B.R. 36 (9th Cir. B.A.P. 1997), that the protection of section

3   1322(b)(2) does not apply to holders of totally unsecured claims. This was upheld in *Zimmer v.*

4   *PSB Lending Corp (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002). Thus if a debtor can

5   demonstrate that the value of his principal residence is less than senior liens, a junior lien will be

6   determined to be wholly unsecured and thus subject to being extinguished.

7           In this case, the value of debtors' residence is $105,000. Edmunds Declaration and Ex. 2.

8   The first lien against the property is approximately $148,551, an amount that is more than the

9   value of the property. The second lien held or serviced by State Farm Bank is thus wholly

10  unsecured and can be extinguished.

11          Based on the foregoing, debtors James and Linda Nickerson request an order of this Court

12  as follows:

13  1.    That the value of the real property located at 15890 Wyandot Road, Apple Valley,

14        California is $105,000;

15  2.    That the second or junior deed of trust held or serviced by State Farm Bank against the

16        real property is deemed wholly unsecured because the value of the real property does not

17        exceed the amount of the first lien;

18  3.    That upon completion of the chapter 13 plan and entry of discharge, the second or junior

19        deed of trust held or serviced by State Farm Bank will be void and will not constitute an

20        encumbrance against said real property;

21  4.    That the claim of State Farm Bank secured by the second deed of trust on the property

22        shall be paid through the chapter 13 plan as a general unsecured claim;

23  5.    That if the debtor completes the chapter 13 plan and receives a discharge in the chapter

24        13 case, State Farm Bank shall, upon receipt of the notice of discharge, promptly record a

25        reconveyance of its second deed of trust against the property.

26  Respectfully Submitted,

27  Dated:  1.25.10

                                    Julie Philippi
                                    Attorney for Debtors

28

3

## DECLARATION OF JULIE PHILIPPI

I, JULIE PHILIPPI hereby declare as follows:

1.      I am an attorney at law, duly licensed to practice law in all courts in the State of California. I am the attorney for James and Linda Nickerson, the debtors in the above-captioned chapter 13 bankruptcy case. I have personal knowledge of the following facts, and if called upon to testify in this action, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Schedule A that was filed by me in this case.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Appraisal of Real Property dated December 16, 2009 that was given to me by Michelle Edmunds, real estate appraiser.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the Monthly Billing Statement from BAC Home Loans dated December 31, 2009 that was given to me by debtors.

5.      Attached hereto as Exhibit 4 is a true and correct copy of the Statement from State Farm Bank dated November 15, 2009 that was given to me by debtors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 25th day of January, 2010 at Hesperia, California.

_Julie Philippi_

Julie A. Philippi

4

1    <u>DECLARATION OF MICHELLE EDMUNDS</u>

2    I, MICHELLE EDMUNDS, hereby declare as follows:

3        1.    I am over the age of 18 and a resident of the State of California.  I have personal

4    knowledge of the following facts, and if called upon to testify in this action, I could and would

5    testify competently thereto.

6        2.    I have been a real estate appraiser since 1988 and have been certified by the State

7    of California since 1992.

8        3.    On December 16, 2009, I appraised the real property located at 15890 Wyandot

9    Road, Apple Valley, California (hereinafter "the subject property").

10       4.    I am familiar with the Uniform Standards of Professional Appraisal Practice as

11   promulgated by the Appraisal Standards Board of The Appraisal Foundation and I appraised the

12   subject property in accordance with those standards.

13       5.    I personally inspected the interior and exterior of the subject property and based

14   upon that inspection, market research, my experience, training and all other factors that comprise

15   a real estate appraisal, I concluded that the subject property has a fair market value of

16   approximately $105,000 as of December 16, 2009.

17       I declare under penalty of perjury under the laws of the United States that the foregoing is

18   true and correct to the best of my knowledge.  Executed this 25th day of January

19   2010 at Victorville, California.

20

21                                    _Michelle Edmunds_
                                      Michelle Edmunds
22

23

24

25

26

27

28

B6A (Official Form 6A) (12/07)

In re    **James Russell Nickerson,**                                                    Case No.    __6:10-bk-10829MJ__
         **Linda Lou Nickerson**
                                                    Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence 15890 Wyandot Rd Apple Valley CA  92307** | **Fee simple** | **C** | **105,000.00** | **197,657.00** |
| **Timeshare (2 weeks) Summer Bay Resorts** | **Fee simple** | **C** | **2,400.00** | **0.00** |

|  | Sub-Total > | **107,400.00** | (Total of this page) |
|---|---|---|---|
| Exhibit: 1 Page ___ of ___ | Total > | **107,400.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

NICKERSON
File No. 15890 Wyandot

12/16/2009

JULIE PHILIPPI ATTORNEY AT LAW
14895 BEAR VALLEY RD STE B
HESPERIA, CA 92345

File Number:  15890 Wyandot

DEAR MS PHILIPPI:

In accordance with your request, I have appraised the real property at:

15890 WYANDOT RD
APPLE VALLEY, CA  92307

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   December 16, 2009        is:

$105,000
One Hundred Five Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

SINCERELY

*Michelle Edmunds*

MICHELLE EDMUNDS
STATE CERTIFIED APPRAISER #AR009443

NICKERSON
File No. 15890 Wyandot

## Restricted Use Residential Appraisal Report

This report is limited to the sole and exclusive use of the client. The appraiser's opinions and conclusions set forth in this report may not be understood without additional information in the appraiser's workfile. The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

Client  JULIE PHILIPPI ATTORNEY AT LAW       E-mail  JULIEPHILIPPI@AOL.COM
Client Address  14895 BEAR VALLEY RD STE B     City HESPERIA       State CA    Zip 92345
Intended Use  SEE ATTACHED ADDENDUM

Property Address  15890 WYANDOT RD       City APPLE VALLEY       State CA   Zip 92307
Other Description (APN, Legal, etc.), if applicable  LOT 51 TRACT 3293
AP#0441-112-31

Property Rights Appraised  [X] Fee Simple  [ ] Leasehold  [ ] Other (describe)
Subject property existing use:  RESIDENTIAL SINGLE FAMILY       Use reflected in appraisal:  RESIDENTIAL
Highest and Best Use:  [X] Existing  [ ] Other:
My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer:  Date N/A       Price N/A       Source(s) N/A
Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)       THE SUBJECT HAS NO REPORTED TRANSFER OF TITLE
IN THE PAST 3 YEARS.  ALL COMPARABLES HAVE PRIOR TRANSFERS OF TITLE IN THE PAST 1 YEAR.

Offerings, options and contracts as of the effective date of the appraisal     N/A

Marketability Comments:   SEE ATTACHED ADDENDUM

Site Comments:   LEVEL INTERIOR LOT OF 29,952 SQ FT.  NO ADVERSE SITE CONDITIONS NOTED.

Improvement Comments:   TILE ENTRY, WOOD STOVE IN LIVING ROOM, COVERED PATIO

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 15890 WYANDOT RD | 16403 WINTUN RD | | 16042 ST TIMOTHY RD | | 15420 APACHE RD | |
| Address | APPLE VALLEY, CA 92307 | APPLE VALLEY, CA 92307 | | APPLE VALLEY, CA 92307 | | APPLE VALLEY, CA 92307 | |
| Proximity to Subject | | 1.79 miles WNW | | 1.60 miles W | | 0.77 miles SE | |
| Sale Price | $ | | $ 115,000 | | $ 110,000 | | $ 98,000 |
| Sale Price/Gross Liv. Area | 0.00 sq. ft. | $ 71.25 sq. ft. | | $ 73.78 sq. ft. | | $ 69.95 sq. ft. | |
| Data Source(s) | | MLS/WIN2DATA DOM 35 | | MLS/WIN2DATA DOM 1 | | MLS/WIN2DATA DOM 10 | |
| Verification Source(s) | | AP#0473-223-01 | | AP#0441-072-13 | | AP#0440-041-29 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | DOC#521695 | | DOC#385590 | | DOC#432675 | |
| Concessions | | CASH | | CASH | | FHA | |
| Date of Sale/Time | N/A | 11/20/2009 COE | | 09/09/2009 COE | | 10/01/2009 COE | |
| Location | RESIDENTIAL | RESIDENTIAL | | RESIDENTIAL | | RESIDENTIAL | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 29,952 SQ FT | 34,000 SQ FT | | 30,000 SQ FT | | 50,750 SQ FT | -0- |
| View | NONE | NONE | | NONE | | NONE | |
| Design (Style) | CONV/AVG | CONV/AVG | | CONV/AVG | | CONV/AVG | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 23 YEARS | 35 YEARS | | 22 YEARS | | 31 YEARS | |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total 6  Bdrms 3  Baths 2 | Total 6  Bdrms 3  Baths 2 | | Total 6  Bdrms 3  Baths 2 | | Total 5  Bdrms 3  Baths 2 | |
| Room Count | | | | | | | |
| Gross Living Area | 1,575 sq. ft. | 1,614 sq. ft. | | 1,491 sq. ft. | | 1,401 sq. ft. | 4,000 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | NONE | NONE | | NONE | | NONE | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FAU/CAC | FAU/CAC | | FAU/CAC | | FAU/CAC | |
| Energy Efficient Items | NONE | NONE | | NONE | | NONE | |
| Garage/Carport | 2 CAR GARAGE | 2 CAR GARAGE | | 2 CAR GARAGE | | 2 CAR GARAGE | |
| Porch/Patio/Deck | PATIO | PATIO | | PATIO | | PATIO | |
| | WOOD STOVE | FIREPLACE | -0- | FIREPLACE | -0- | 1 FIREPLACE | -0- |
| | FENCING | FENCING | | FENCING | | FENCING | |
| Net Adjustment (Total) | | [X] + [ ] - $ | 0 | [X] + [ ] - $ | 0 | [X] + [ ] - $ | 4,000 |
| Adjusted Sale Price | | Net Adj. 0.0% | | Net Adj. 0.0% | | Net Adj. 4.1% | |
| of Comparables | | Gross Adj. 0.0% $ | 115,000 | Gross Adj. 0.0% $ | 110,000 | Gross Adj. 4.1% $ | 102,000 |

Summary of Sales Comparison Approach  ALL COMPARABLES TAKEN FROM WITHIN THE SUBJECTS IMMEDIATE MARKET AREA.  MARKET
DATA INDICATES NO ADJUSTMENTS WARRANTED FOR DIFFERENCES IN SITE.  GLA $25.00 PER SQFT.

GREATEST WEIGHT WAS GIVEN TO COMPARABLE #1 FOR RECENT CLOSED SALE

**gpar™**

This form Copyright © 2005-2008 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  01/2008
GPARRES2_9F 08112008

Exhibit:  2
Page  2  of  13

Restricted Use Residential Appraisal Report

NICKERSON
File No. 15890 Wyandot

| Methods and techniques employed: | [X] Sales Comparison Approach | [ ] Cost Approach | [ ] Income Approach | [ ] Other: |
|---|---|---|---|---|

Discussion of methods and techniques employed, including reason for excluding an approach to value:  INCOME APPROACH EXCLUDED DUE TO MOST HOMES IN THIS AREA TYPICALLY ARE NOT INCOME PRODUCING TYPE PROPERTIES.

Reconciliation comments:  SEE ATTACHED ADDENDUM.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of  12/16/2009 , which is the effective date of this appraisal, is:

[X] Single point $  105,000        [ ] Range $ _____ to $ _____        [ ] Greater than [ ] Less than  $ _____

This appraisal is made  [X] "as is,"  [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed.
[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed        [ ] subject to the following:
N/A

**Appraiser's Certification**

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:
N/A

Additional Certifications:
N/A

Type of Value:        [X] Market Value        [ ] Other Value:

Source of Definition:  THE MOST PROBABLE PRICE WHICH A PROPERTY SHOULD BRING IN A OPEN AND COMPETITIVE MARKET

Definition of Value:  UNDER ALL CONDITIONS REQUISITE TO A FAIR SALE, THE BUYER AND SELLER, EACH ACTING PRUDENTLY, KNOWLEDGEABLY AND ASSUMING THE PRICE IS NOT AFFECTED BY UNDUE STIMULUS.

| APPRAISER | CO-APPRAISER |
|---|---|
| Signature: *Michelle Edmunds* | Signature: |
| Name: MICHELLE EDMUNDS | Name: |
| State Certification # AR009443 | State Certification # |
| or License # | or License # |
| or Other (describe): _____ State #: | State: |
| State: CA | Expiration Date of Certification or License: |
| Expiration Date of Certification or License: 08/04/2010 | Date of Signature: |
| Date of Signature and Report: 12/16/2009 | Date of Property Viewing: |
| Date of Property Viewing: 12/16/2009 | Degree of property viewing: |
| Degree of property viewing: | [ ] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view |
| [X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view | |

Produced using ACI software, 800.234.8727 www.aciweb.com.        This form Copyright © 2005-2008 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
Page 2 of 3        (gPAR™) General Purpose Appraisal Report 01/2008
GPARREST_93_08 08112008

**gpar**™
general purpose appraisal reports

Exhibit: 2
Page 3 of 13

### Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client and to the intended use of the report. This report was prepared for the sole and exclusive use of the client for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1.  The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2.  Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property.  The appraiser has made no survey of the property.

3.  The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4.  Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5.  The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6.  Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7.  The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable.  The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors.  This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8.  The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted.  The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects.  The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment.  Statements regarding condition are based on surface observations only.  The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues.  Unless otherwise noted, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects.  The client is invited and encouraged to employ qualified experts to inspect and address areas of concern.  If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas.  Unless otherwise noted, attics and crawl space areas were not accessed.  The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9.  Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10.  Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes.  Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment.  The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

Additional Comments Related To Scope of Work, Assumptions and Limiting Conditions

This form Copyright © 2005-2006 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  01/2006
GPAR6SZ_08 06112006

Exhibit: 2
Page 4 of 13

ADDENDUM

| | |
|---|---|
| Client: JULIE PHILIPPI ATTORNEY AT LAW | File No.: 15890 Wyandot |
| Property Address: 15890 WYANDOT RD | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA    Zip: 92307 |

**Intended Use**

THE INTENDED USE/INTENDED USER OF THIS APPRAISAL REPORT IS THE CLIENT NAMED IN THE REPORT. THE INTENDED USE IS TO EVALUATE THE PROPERTY THAT IS THE SUBJECT OF THIS APPRAISAL FOR THE PURPOSES OF BANKRUPTCY PROCEEDINGS. THE APPRAISAL REPORT MAY NOT BE UTILIZED FOR ANY OTHER PURPOSES. THE PURPOSE OF THIS APPRAISAL REPORT IS TO DETERMINE AN OPINION OF MARKET VALUE AS OF THE EFFECTIVE DATE OF THIS APPRAISAL SUBJECT TO THE STATED SCOPE OF WORK, PURPOSE OF THE APPRAISAL, REPORTING REQUIREMENTS OF THE APPRAISAL REPORT FORM, AND DEFINITION OF MARKET VALUE.
NO ADDITIONAL INTENDED USERS ARE IDENTIFIED BY THE APPRAISER.

PLEASE NOTE: PER THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE (USPAP) AND THE APPRAISAL STANDARDS BOARD (ASB) THIS APPRAISAL REPORT MAY NOT BE TRANSFERRED OR ASSIGNED TO ANY CLIENT FOR ANY REASON.

THE APPRAISER IS NOT A HOME INSPECTOR. THIS REPORT SHOULD NOT BE RELIED UPON TO DISCLOSE ANY CONDITION PRESENT IN THE SUBJECT PROPERTY. THE APPRAISAL REPORT DOES NOT GUARANTEE THAT THE SUBJECT IS FREE OF DEFECTS. A PROFESSIONAL HOME INSPECTION IS RECOMMENDED

**Neighborhood Market Conditions**

DECLINING MARKET VALUES NOTED IN THE SUBJECTS MARKET AREA WITH MOST HOMES SELLING BELOW LIST PRICE WITH SELLER CONCESSIONS NOTED ON SOME SALES.

TYPICAL MARKETING TIMES OF 30-90 DAYS NOTED FOR THIS AREA

DECLINING VALUES IN THIS AREA APPEARS TO BE PARTLY DUE TO AN INFLUX
OF REO PROPERTIES  LISTED FOR SALE AND AN OVER SUPPLY OF HOMES CURRENTLY ON THE MARKET
OVER-SUPPLY OF HOMES ON MARKET IS DIRECTLY RELATED TO THE NUMBER OR FORECLOSURES IN THE AREA AND BANK OWNED PROPERTY ON THE MARKET

VICTOR VALLEY MLS, DATAQUICK INFORMATION SYSTEMS AS WELL AS ARTICLES IN LOCAL NEWSPAPERS INDICATES A MARKET DECLINE OF 30-35 % OVER THE PAST 12 MONTHS WITH ACTIVE LISTINGS AND SOLD COMPARABLES CONSIDERED IN THE ANALYSIS.

BOTH CONVENTIONAL AND GOVERNMENT FINANCING NOTED.

**FINAL RECONCILIATION**
THE MARKET DATA  APPROACH WAS GIVEN MOST CONSIDERATION AND COMPARABLES WERE WEIGHED EQUALLY AS THEY INDICATE RANGE FOR THE SUBJECT PROPERTY WHICH IS SUPPORTIVE OF THE FINAL OPINION OF VALUE POST ADJUSTMENTS FROM $102,000 TO $115,000  WITH AN APPRAISED VALUE OF $105,000

THE COST APPROACH IS SUPPORTIVE OF THE MARKET DATA APPROACH AND GIVEN SECONDARY CONSIDERATION AS THE TYPICAL BUYER DOES NOT CONSIDER A NEW CONSTRUCTION ALTERNATIVE.

THE INCOME WAS NOT TAKEN INTO CONSIDERATION AS THE HOMES WITHIN THE SUBJECT NEIGHBORHOOD WERE OWNER OCCUPIED AND THEREFORE, INSUFFICIENT DATA AVAILABLE TO DEVELOP A RELIABLE INCOME STREAM.

REPORTS THAT HAVE BEEN ELECTRONICALLY PREPARED ARE IN COMPLIANCE WITH USPAP (UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE) GUIDELINES WHICH INCLUDE A SECURE DIGITAL SIGNATURE AND ADEQUATE SECURITY MEASURES IN PLACE TO PROTECT THE DATA PRODUCED BY THE APPRAISER.

Exhibit: 2
Page 5 of 13

| Client: JULIE PHILIPPI ATTORNEY AT LAW | | 15890 Wyandot |
| Property Address: 15890 WYANDOT RD | | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA | Zip: 92307 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: December 16, 2009
Appraised Value: $ 105,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

Exhibit: 2

Page 6 of 13

| | |
|---|---|
| Client: JULIE PHILIPPI ATTORNEY AT LAW | File No.: 15890 Wyandot |
| Property Address: 15890 WYANDOT RD | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA   Zip: 92307 |



COMPARABLE SALE #1

16403 WINTUN RD
APPLE VALLEY, CA 92307
Sale Date: 11/20/2009 COE
Sale Price: $ 115,000



COMPARABLE SALE #2

16042 ST TIMOTHY RD
APPLE VALLEY, CA 92307
Sale Date: 09/09/2009 COE
Sale Price: $ 110,000



COMPARABLE SALE #3

15420 APACHE RD
APPLE VALLEY, CA 92307
Sale Date: 10/01/2009 COE
Sale Price: $ 98,000

Exhibit: 2
Page 7 of 13

| Client: JULIE PHILIPPI ATTORNEY AT LAW | 15890 Wyandot |
|---|---|
| Property Address: 15890 WYANDOT RD | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA | Zip: 92307 |



KITCHEN



LIVING ROOM WITH WOOD STOVE



FAMILY ROOM

| Client: | JULIE PHILIPPI ATTORNEY AT LAW | File No.: | 15890 Wyandot |
|---|---|---|---|
| Property Address: 15890 WYANDOT RD | | Case No.: NICKERSON | |
| City: APPLE VALLEY | | State: CA | Zip: 92307 |



BATH



BATH



| Client: JULIE PHILIPPI ATTORNEY AT LAW | | File No.: 15890 Wyandot |
|---|---|---|
| Property Address: 15890 WYANDOT RD | | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA | Zip: 92307 |



SIDE VIEW



SIDE VIEW



Exhibit: **2**
Page **10** of **13**

PLAT MAP

| Client: JULIE PHILIPPI ATTORNEY AT LAW | | File No.: 15890 Wyandot |
|---|---|---|
| Property Address: 15890 WYANDOT RD | | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA | Zip: 92307 |



FLOORPLAN

| Client:  JULIE PHILIPPI ATTORNEY AT LAW | | File No.:  15890 Wyandot |
|---|---|---|
| Property Address: 15890 WYANDOT RD | | Case No.: NICKERSON |
| City: APPLE VALLEY | State: CA | Zip: 92307 |



Sketch by Apex IV Windows™

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Totals |
| GLA1 | First Floor | 1575.00 | 1575.00 |
| GAR | Garage | 504.00 | 504.00 |
| | | | |
| | TOTAL LIVABLE    (rounded) | | 1575 |

| LIVING AREA BREAKDOWN | | | |
|---|---|---|---|
| | Breakdown | | Subtotals |
| First Floor | | | |
| | 2.0 x | 5.0 | 10.00 |
| 0.5 x | 1.0 x | 2.0 | 1.00 |
| 0.5 x | 1.0 x | 2.0 | 1.00 |
| | 3.0 x | 7.0 | 21.00 |
| 0.5 x | 2.0 x | 2.0 | 2.00 |
| | 1.0 x | 5.0 | 5.00 |
| 0.5 x | 1.0 x | 1.0 | 0.50 |
| 0.5 x | 1.0 x | 1.0 | 0.50 |
| | 26.0 x | 31.0 | 806.00 |
| 0.5 x | 1.0 x | 1.0 | 0.50 |
| 0.5 x | 1.0 x | 1.0 | 0.50 |
| 0.5 x | 2.0 x | 2.0 | 2.00 |
| | 4.0 x | 26.0 | 104.00 |
| | 2.0 x | 28.0 | 56.00 |
| | 5.0 x | 29.0 | 145.00 |
| | 20.0 x | 21.0 | 420.00 |
| 16 Areas Total (rounded) | | | 1575 |

LOCATION MAP

| Client: JULIE PHILIPPI ATTORNEY AT LAW | | |
|---|---|---|
| Property Address: 15890 WYANDOT RD | File No.: 15890 Wyandot | |
| City: APPLE VALLEY | Case No.: NICKERSON | |
| | State: CA | Zip: 92307 |



bing

Comparable Sale 1
16403 WINTUN RD
Apple Valley, CA 92307-1593
(1.79 miles WNW)

Subject
15890 WYANDOT RD
Apple Valley, CA 92307

Comparable Sale 2
16042 ST TIMOTHY RD
Apple Valley, CA 92307-2521
(1.60 miles W)

Comparable Sale 3
15420 APACHE RD
Apple Valley, CA 92307-3244
(0.77 miles SE)

1.2 miles

Exhibit:  2
Page  13  of  13

**Bank of America** ◢◣

**Conventional-7694**
**15890 WYANDOT ROAD**

---

**Monthly Statement - December 31, 2009**      Print this page    Return to Account Details

To view any activity since your last statement please select Transaction History

**Next Payment Due**

12/01/2009                                $2,321.40

View why your payment is changing by selecting Payment Changes

**Home Loan Summary**

**Home Loan Overview as of 12/31/2009**            **Amount Due on 01/01/2010 as of 12/31/2009**

| Principal Balance: | $148,329.66 | | *Home Loan Payment: | $1,207.39 |
| Escrow Balance: | $355.29 | | Past Due Amount: | $1,114.01 |
| Interest paid-to-date: | 11/01/2009 | | Late Charge (Included in the Home Loan Payment Due): | $93.38 |
| Late Charge if payment received after 01/16/2010: | $46.59 | | After 01/16/2010 with Late Payment: | $1,254.08 |

*Payments will be applied first to the interest accrued up to the date of payment and then to the principal balance.

**Home Loan Details**

**Monthly Payment Breakdown as of 12/31/2009**        **Loan Type and Term**

| Principal and Interest Payment: | $933.72 | | Loan Type | F |
| Escrow Payment Amount: | $180.29 | | Current Interest Rate | 5.750% |
| **Total Monthly Home Loan Payment:** | **$1,207.39** | | Contractual Remaining Term | 25 Years, 7 Months |

**Upcoming Dates**

Scheduled Escrow Account Review    03/2009

We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

**Escrow Account Expenses**

| Principal | Payee | Policy No./Tax ID | Frequency | Next Due Date | Amount Due |
|---|---|---|---|---|---|
| Homeowners Insurance | STATE FARM GENERAL INS CO | ▓▓▓ | Annual | 07/09/2010 | $605.00 |
| County taxes | SAN BERNARDINO COUNTY TAX COLL | ▓▓▓ | Annual | 11/30/2010 | $834.94 |
| County taxes | SAN BERNARDINO COUNTY TAX COLL | ▓▓▓ | Annual | 03/31/2010 | $834.94 |

We are responsible for the payment of the previous escrow items with the exception of the items marked with an asterisk(*). The payment of the items marked with an asterisk (*) are the responsibility of the homeowner.

**Home Loan Activity Since Your Last Statement**

| Date | Description | Principal | Number of Days Interest Paid | Interest | Escrow | Total |
|---|---|---|---|---|---|---|
| 12/21/2009 | November payment | $221.91 | 0 | $711.81 | $180.29 | $1,114.01 |
| | Ending Balance | $148,329.66 | | | $355.29 | |

**Credit Reporting Notice:**

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

---

**Secure Area**

Accounts    Bill Pay    Transfers    Investments    Customer Service
Privacy & Security    Locations    Alerts    Mail    Help    Site Map    Sign Off

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., are Equal Housing Lenders
© 2010 Bank of America Corporation. All rights reserved.

Exhibit: **3**
Page _____ of _____

https://www8.bankofamerica.com/▓▓▓▓▓▓▓▓▓▓    1/4/2010



*Statement*

PO BOX 5961
MADISON, WISCONSIN 53705-0961

**Call**
**1-877-SF4-BANK**
**(734-2265) For**
**Account Information**
**or to Report a**
**Change of Address**

Page 1 of 1

### Revolving Line of Credit Summary

| | | |
|---|---|---|
| | Statement Closing Date: | November 15,2009 |
| LINDA L NICKERSON    Account Number ▉1367 | Credit Limit: | 50,000.00 |
| Ending Principal Line Balance on    November 15,2009 | $ | 49,106.55 |
| Available Credit | $ | 893.45 |

### Line Activity

| | | | |
|---|---|---|---|
| Beginning Statement Balance on    October 16,2009 | | $ | 49,217.59 |
| Nov. 15    FINANCE CHARGE | | + $ | 114.69 |
| Ending Statement Balance on    November 15,2009 | | $ | 49,332.28 |

| The rate of interest may vary on this account. Rates in effect and daily principal balances from: 10-16 to 11-15 | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
|---|---|---|
| | 2.750% | .00753% |

**Daily Balances**

| Date 10-16 | Principal Balance 49,106.55 |
|---|---|

### Line Payment

| Due Date | Past Due Payment | Current Payment | Total Payment Due |
|---|---|---|---|
| 12/10/09 | 111.04 | 114.69 | 225.73 |

Please return this portion of statement along with your loan payment. Make check payable to State Farm Bank.

STATE FARM BANK
P.O. BOX 3298
MILWAUKEE, WI 53201-3298

| Account # | ▉367 |
|---|---|
| Tran Code | 600 |
| Note # | 1 |
| Payment Due Date | 12/10/09 |
| Payment Due    $ | 225.73 |
| Charged to Account # | |

LINDA L NICKERSON
JAMES R NICKERSON
15890 WYANDOT RD
APPLE VALLEY CA 92307

852/715

Amount Enclosed:

$ ☐☐☐☐☐.☐☐

Exhibit: 4

Page ___l___ of ___l___

| In re:<br>**James Russell Nickerson**<br>**Linda Lou Nickerson**<br><div align="right">Debtor(s).</div> | CHAPTER: **13**<br>CASE NUMBER: **6:10-bk-10829MJ** |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**14895 Bear Valley Rd., Ste B**
**Hesperia, CA  92345-1678**

A true and correct copy of the foregoing document described as <u>NOTICE OF HEARING AND MOTION TO VALUE</u> <u>REAL PROPERTY AND EXTINGUISH LIEN OF SECOND TRUST DEED HOLDER STATE FARM BANK</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

<div align="right">☐ Service information continued on attached page</div>

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On  **01/25/10**      I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<div align="right">☒ Service information continued on attached page</div>

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<div align="right">☐ Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 01/25/10 | Dawn Sylvester-Dunn | *Dawn A. Sylvester-Dunn* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F 9013-3.1**
Best Case Bankruptcy

| In re:<br><br>**James Russell Nickerson**<br>**Linda Lou Nickerson**<br><br>Debtor(s). | CHAPTER **13**<br><br>CASE NUMBER **6:10-bk-10829MJ** |
| --- | --- |

**ADDITIONAL SERVICE INFORMATION (if needed):**

James &Linda Nickerson
15890 Wyandot Rd
Apple Valley CA 92307

Rod Danielson
Chapter 13 Trustee
4361 Latham St #270
Riverside CA 92501

BAC Home Loans
Bankruptcy Dept
7105 Corporate Dr
Plano TX 75024

Sent Via Certified Mail:

Officer/Managing Agent
State Farm Bank
PO Box 5961
Madison, WI 53705-0961

Officer/Managing Agent
State Farm Bank
PO Box 77404
Ewing NJ 08628

Officer/Managing Agent
State Farm Bank
425 Phillips Blvd
Ewing NJ 08618

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 9013-3.1

Best Case Bankruptcy